The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

vs.

GRAYS HARBOR COMMUNITY HOSPITAL,

Defendant.

No. 10-CV-5616-BHS

[PROPOSED] **CONSENT DECREE**

## I. INTRODUCTION

1. This action originated with a discrimination charge filed by Jamie Toste ("Charging Party") with the U.S. Equal Employment Opportunity Commission ("EEOC") in Seattle, Washington. The Charging Party alleged that Grays Harbor Community Hospital ("Grays Harbor") subjected her, Celine Hattel, Victoria Norman and Stephanie Krohn ("Class Members") and other similarly situated female employees to a hostile work environment

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
*SEATTLE FIELD OFFICE*
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

because of sex in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq.

2. The EEOC sent Grays Harbor a Letter of Determination with a finding of reasonable cause that it had violated Title VII based on the Charging Party's charge of discrimination.

3. The EEOC filed this lawsuit on August 27, 2010, in the United States District Court for the Western District of Washington at Tacoma, alleging that from at least August 2006 through January 2009, Grays Harbor engaged in unlawful employment practices at its Aberdeen, Washington facility in violation of § 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a). Defendant allegedly engaged in these unlawful practices through the following actions: by subjecting Jamie Toste, Celine Hattel, Victoria Norman, Stephanie Krohn and other similarly situated female employees to a hostile work environment because of their sex, female.

4. The parties want to conclude fully and finally all claims arising out of the EEOC's complaint and the charges of discrimination filed with EEOC by the Charging Party. They enter into this Consent Decree to further the objectives of equal employment as set forth in Title VII.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
*SEATTLE FIELD OFFICE*
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

## II. NON-ADMISSION OF LIABILITY AND NON-DETERMINATION BY THE COURT

5. This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission by Grays Harbor of a violation of Title VII. Grays Harbor expressly denies any wrongdoing or liability.

## III. SETTLEMENT SCOPE

6. This Consent Decree is the final and complete resolution of all Title VII allegations of unlawful employment practices contained in the complaint the EEOC filed on behalf of the Charging Party, Class Members and similarly situated individuals, including all claims by the parties for attorney fees and costs and is binding and final as to all such issues and claims.

## IV. MONETARY RELIEF

7. In settlement of this lawsuit, Grays Harbor agrees to pay the total amount of one hundred and twenty five thousand dollars ($125,000) to the class members c/o their attorney, Katherine Chamberlain at MacDonald Hoague & Bayless in the following amounts: Celine Hattel, forty one thousand six hundred and sixty six dollars and sixty six cents ($41,666.66), Victoria Norman, forty one thousand six hundred and sixty six dollars and sixty seven cents ($41,666.67), and Stephanie Krohn, forty one thousand six

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
*SEATTLE FIELD OFFICE*
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

hundred and sixty six dollars and sixty seven cents ($41,666.67)

## V. INJUNCTIVE AND OTHER RELIEF

A. General Provisions

8. Grays Harbor, its officers, agents, managers, assistant managers and other supervisors and all human resource professionals who provide advice and assistance to the foregoing individuals shall not engage in practices which constitute harassment based on an employee's sex, and which constitute retaliation for an individual engaging in protected EEO activity. In recognition of its obligations under Title VII, Grays Harbor shall institute the policies and practices set forth.

B. Anti-Discrimination Polices and Procedures

9. Grays Harbor shall prevent harassment, discrimination, and retaliation. Grays Harbor shall provide training to its employees, managers, and supervisors so they understand its Equal Employment Opportunity ("EEO") policies and how those policies define and identify what constitutes harassment, discrimination and retaliation, and shall make managers and supervisors personally accountable for its EEO policies.

10. Within ninety (90) days of the date of the effective date of this Consent Decree, Grays Harbor shall: (a) revise and implement a written EEO policy which adequately prohibits harassment, discrimination, and

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
*SEATTLE FIELD OFFICE*
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

retaliation, addresses Grays Harbor's obligation to provide a work environment free of harassment, discrimination, and retaliation for its employees, and affirms its commitment not to retaliate against any employee for engaging in protected EEO activity; and (b) distribute its EEO policy to all present and future employees, both management and non-management.

C. <u>Training</u>

11. All employees who have not completed Grays Harbor's online anti-harassment training module within the past six months will be required to do so within 90 days of the date of entry of this Consent Decree. All new employees will be required to complete the module within the first 30 days of employment. All employees will be provided one hour of "live" training that will address Grays Harbor's specific EEO and harassment policies, reporting procedures, and consequences of harassment, at which they will be provided hard copies of the policies, and be required to sign an acknowledgement that they completed the referenced training. The live training will occur within 120 days of the date of entry of this Consent Decree for current employees, and in the first 30 days of employment for new employees. During the second year after entry of this Consent Decree, all employees will be again required to complete the online training module referenced herein, which shall be completed within 90 days after the anniversary date of entry of this Consent

Decree. During the second and third year in which this Consent Decree remains in effect, new employees shall receive training in the same manner as in the first year. To the extent any employee is on an approved leave of absence in excess of two weeks during the time any training is to be completed, the time for completing any required training for such employee shall be extended for a period equal to the duration of the leave.

### D. Expungement of Records and Neutral Employment Reference

12. Grays Harbor shall not disclose any information or make reference to any charge of discrimination that is the subject of this lawsuit in responding to employment reference requests for information about the Charging Party and Class Members.

13. Grays Harbor shall expunge from the personnel files of the Charging Party and Class Members any reference to the charge of discrimination against Grays Harbor and this lawsuit. If the Charging Party and the Class Members wish to do so, Grays Harbor shall permit them to review their personnel files to ensure that all such references have been expunged. Grays Harbor shall not add any information or references to their personnel file regarding this charge of discrimination and this lawsuit after such references have been expunged. Grays Harbor will provide the Charging Party and Class Members with a neutral employment reference.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
*SEATTLE FIELD OFFICE*
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

### E. Policies Designed to Promote Supervisor Accountability

14. Grays Harbor shall specifically advise all managers and supervisors at all of its facilities of their duty to ensure compliance with its EEO policies, and to report any incident or complaint of harassment, discrimination, or retaliation, of which they become aware. If such a manager or supervisor violates Grays Harbor's EEO policies, he or she may be subject to discipline up to and including termination and compensation may be affected. Grays Harbor shall appropriately discipline any such manager or supervisor who retaliates against any employee for reporting or relaying any incident of discrimination or retaliation under Grays Harbor's EEO policy, or for participating in or conducting an investigation of such an incident.

15. Grays Harbor shall include "commitment to equal employment opportunity" or similar designation as a criterion for qualification for evaluation of supervisory positions.

### F. Reporting

16. Grays Harbor shall report in writing to the EEOC beginning six (6) months from the date of the entry of this decree, and thereafter every six months for the duration of the decree the following information:

    a. Certification of the completion of training and list of attendees

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
*SEATTLE FIELD OFFICE*
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

set forth in Paragraph 11 above, and a list of all attendees including job titles.

b. Certification that its EEO policy has been sent to all current and newly hired employees as described in Paragraph 10 above.

c. A copy of its EEO policy and a list of any changes, modifications, revocations or revisions to its EEO policies and procedures if any, which concern or affect the subject of discrimination and retaliation; and

d. A summary of all harassment, discrimination and retaliation complaints if any, filed by employees, identified by name, and the resolution of each complaint.

G. Posting

17. Grays Harbor shall post a Notice, attached as Exhibit A to this Consent Decree. The Notice shall be posted on a centrally located bulletin board at Grays Harbor's Aberdeen facilities for the duration of the Consent Decree.

## VI. ENFORCEMENT

18. If the EEOC determines that Grays Harbor has not complied with the terms of this Decree, the EEOC will provide written notification of the alleged breach. The EEOC will not petition the Court for enforcement of

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
*SEATTLE FIELD OFFICE*
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

the decree for at least twenty (20) days after providing written notification of the alleged breach. The 20-day period following the written notice shall be used by the parties for good faith efforts to resolve the dispute, or for Grays Harbor to cure the breach. In those cases where it would take longer than twenty (20) days to cure the breach, Grays Harbor may have such additional time as may be necessary by agreement with the EEOC so long as Grays Harbor takes all reasonable efforts to cure the breach within the twenty (20) day period.

## VII. **RETENTION OF JURISDICTION**

19. The United States District Court for the Western District of Washington at Tacoma shall retain jurisdiction over this matter for the duration of the decree.

## VIII. **DURATION AND TERMINATION**

20. This Decree shall be effect for three (3) years from the date the Court enters this Decree. If the EEOC petitions the Court for breach of the Decree, and the Court finds Grays Harbor to be in violation of the terms of the Decree, the Court may extend the duration of the Decree.

///

///

///

**CONSENT DECREE (10-CV-05616-BHS)- 9**

## IX. CONCLUSION

21. The parties are not bound by any provision of this decree until it is signed by authorized representatives of each party and is entered by the Court.

DATED this 22nd day of August, 2011.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| WILLIAM TAMAYO<br>Regional Attorney<br>San Francisco District Office<br>350 The Embarcadero, Suite 500<br>San Francisco, CA 94105-1260 | P. DAVID LOPEZ<br>General Counsel<br><br>JAMES L. LEE<br>Deputy General Counsel |
| JOHN STANLEY<br>Supervisory Trial Attorney | GWENDOLYN Y. REAMS<br>Associate General Counsel |
| CARMEN FLORES<br>Senior Trial Attorney | OFFICE OF THE GENERAL COUNSEL<br>131 M Street, NE |
| JAMAL N. WHITEHEAD<br>Senior Trial Attorney | Washington, D.C. 20507 |

BY:   */s/ Carmen Flores*
      Carmen Flores
      Seattle Field Office
      909 First Avenue, Suite 400
      Seattle, WA 98104
      Tel: (206) 220-6853
      Fax: (206) 220-6911
      Carmen.flores@eeoc.gov

*Attorneys for Plaintiff*

**CONSENT DECREE (10-CV-05616-BHS)- 10**

SEBRIS BUSTO JAMES

AND

BY:  /s/ M. Edward Taylor
     M. Edward Taylor, WSBA #16864
     Jennifer A. Parda, WSBA #35308
     SEBRIS BUSTO JAMES
     14205 SE 36th Street, Suite 325
     Bellevue, WA 98006
     Tel: 425.454.4233

*Attorneys for Defendant*

CONSENT DECREE (10-CV-05616-BHS)- 11

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
*SEATTLE FIELD OFFICE*
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

# CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2011, I electronically filed the foregoing document titled **"[PROPOSED] CONSENT DECREE"** with the Clerk of the Court using the CMF/ECF system, which will send notification of such filing to the following individuals listed below:

M. Edward Taylor, WSBA #16864
etaylor@sebrisbusto.com
Jennifer A. Parda, WSBA #35308
jparda@sebrisbusto.com
SEBRIS BUSTO JAMES
14205 SE 36th Street, Suite 325
Bellevue, WA 98006
Telephone: 425.454.4233

Andrea Brenneke, WSBA # 22027
andreab@MHB.com
Katherine Chamberlain, WSBA #40014
katherinec@MHB.com
MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, WA 98104
Telephone: 206.622.1604

*/s/ Rebecca Eaton*
Rebecca Eaton
EEOC Legal Technician

CERTIFICATE OF SERVICE (10-CV-05616-BHS)